IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

MICAH SELLINGER                                                                         PLAINTIFF
702 Glengarry Drive
Fairdale, Kentucky 40118

                                                        Case No. 3:20-CV-59-CHB

v.

EQUIFAX INFORMATION SERVICES, LLC                                       DEFENDANT
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

      SERVE:    CSC-Lawyers Incorporating Service Co.
                           421 W. Main St.
                           Frankfort, KY 40601
                           (BY CERTIFIED MAIL)

** ** ** **

**VERIFIED COMPLAINT**

Comes the Plaintiff, Micah Sellinger, and for his Verified Complaint against the Defendant, Equifax Information Services LLC ("Equifax"), states as follows:

**I. PRELIMINARY STATEMENT**

1.    This is an action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendant's false reporting of and Defendant's failure to investigate Plaintiff's disputes regarding alleged collection accounts on Plaintiff's Equifax credit report.

**II. PARTIES**

2.    Plaintiff, Micah Sellinger, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 702 Glengarry Drive, Fairdale, Kentucky 40118.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

5. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

8. In or around May 2019, Plaintiff, who was in the process of attempting to obtain mortgage financing, accessed his Equifax credit report and discovered three alleged collection accounts.

9. Plaintiff immediately disputed the alleged collection accounts to Equifax in writing. Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Indiana University Student Loan Servicing and GLA Collections of the disputes at or within five (5) days of Equifax's receiving notice of the disputes from Plaintiff.

10. In or around June 2019, Plaintiff accessed his Equifax credit report and the disputed

alleged collection accounts – Indiana University Student Loan Servicing and GLA Collections - were still reporting as they were prior to his dispute. Equifax failed to send Plaintiff his dispute results and failed investigate these tradelines.

11. Equifax's failure to investigate Plaintiff's disputes and its failure to maintain the accuracy of Plaintiff's credit history has damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Equifax's failure to properly investigate Plaintiff's disputes and to delete or amend their reporting of the subject tradelines.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act

12. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 11 as if fully set forth herein.

13. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

14. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act

15. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 14 as if fully set forth herein.

16. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

17. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

18. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Micah Sellinger, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/ David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Micah Sellinger, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Micah Sellinger

COMMONWEALTH OF KENTUCKY   )
                                                        ) SS
COUNTY OF JEFFERSON           )

Subscribed, sworn to and acknowledged before me by Micah Sellinger this 15th day of October, 2019.

_____ 466997
Notary Public

Commission expires: 5-21-20

Becki J. Sellinger
NOTARY PUBLIC, ID No. 466997
State At Large, Kentucky
My Commission Expires: 5-21-20

5